# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANNETTE BLOUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: _____ |
| | ) |
| TODD, BREMER & | ) |
| LAWSON, INC. | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Todd, Bremer & Lawson, Inc. ("TBL") and files its notice of removing the foregoing action from the District Court of Jefferson County, Alabama, Bessemer Division, to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a), (b) and (c).  In support of this removal motion, TBL respectfully states as follows:

1.  Plaintiff Annette Blount (hereinafter, "Plaintiff") instituted this action against TBL in the District Court of Jefferson County, Alabama, Bessemer Division.

Plaintiff filed her complaint (hereinafter "the Complaint") on May 7, 2009, and said case was labeled as Civil Action No. DV-09-391 in the District Court of Jefferson County, Alabama, Bessemer Division. TBL was served with the summons and Complaint on May 18, 2009.

2. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of TBL first receiving the summons and Complaint in this action. In accordance with 28 U.S.C. § 1441(a), true and correct copies of all process, pleadings, and orders which to date have been served on TBL are attached hereto as <u>Exhibit A</u>.

3. Plaintiff's Complaint contains four counts. Count One asserts a claim under the Federal Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692-1692p. Count Two purports to assert state law claims of negligent training and supervision. Count Three purports to assert state law claims of reckless and wanton training and supervision. Count Four purports to assert a state law claim of respondeat superior liability.

4. No further proceedings have been had in the state court.

**This Court Has Original Federal Question Jurisdiction Of This Case.**

5. This Court has original Federal question jurisdiction of Count One of the Plaintiff's Complaint under the provisions of 28 U.S.C. § 1331, and said claims may

be removed under 28 U.S.C. § 1441, because they arise under the Constitution, laws or treatises of the United States. Count One of the Complaint asserts that "TBL has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to the Plaintiff's alleged consumer debt." See Exhibit A, Complaint at paragraph 12.

**The Federal Court Has Supplemental Jurisdiction Over The State Law Claims.**

6.      The remaining claims asserted in the Complaint are within the Court's subject matter jurisdiction by reason of 28 U.S.C. § 1441(c) and § 1367. The state law claims asserted in Counts Two, Three and Four of the Complaint are based on the same facts and assert liability based on alleged violations of federal law. In Count Two, Plaintiff alleges, "TBL negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers." See Exhibit A, Complaint at paragraph 17. In Count Three, Plaintiff alleges, "TBL recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers." See Exhibit A, Complaint at paragraph 24. In Count Four, Plaintiff alleges, "TBL is therefore liable to the Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to

violations of the FDCPA, in their attempts to collect this alleged debt from the Plaintiff." See Exhibit A, Complaint at paragraph 29.

7. Counts Two, Three and Four, to the extent they attempt to assert independent claims under state law, are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.  Moreover, the Court should retain jurisdiction over the state law claims because they do not fall within any of the limited exceptions enumerated by Congress in 28 U.S.C. § 1367(c) as the instances where this District Court could exercise discretion in declining supplemental jurisdiction.  The claims over which the Court has supplemental jurisdiction: (1) do not raise novel or complex issues of state law, but are ordinary claims arising from alleged violations of the Federal Fair Debt Collection Practices Act; (2) do not substantially predominate over the claim over which the Court has original removal jurisdiction; (3) will in all likelihood be subject to dismissal or summary judgment prior to or simultaneous with disposition of the Fair Debt Collection Practices Act claim; and (4) do not raise any exceptional circumstances or compelling reasons to warrant decline of exercise of jurisdiction.

8. A true and correct copy of this Notice of Removal shall be filed with the Clerk of the District Court of Jefferson County, Alabama, Bessemer Division, in accordance with 29 U.S.C. §1446(d).

WHEREFORE, TBL removes this entire action from the District Court of Jefferson County, Alabama, Bessemer Division, unto this Honorable Court, this the 1st day of June, 2009.

        Respectfully submitted,

        /s/
        Cecil H. Macoy, Jr.
        cmacoy@wallacejordan.com

        Attorneys for Defendant Todd, Bremer & Lawson, Inc.

**OF COUNSEL:**

**WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.**
P.O. Box 530910
Birmingham, Alabama 35253
(205) 870-0555
(205) 871-7534 FAX

## Certificate of Service

      I do hereby certify that I have on this 1st day of June, 2009, served a copy of the foregoing on all counsel of record by mailing the same by United States Mail, postage prepaid and properly addressed as follows:

Wallace Whitney Seals, Esq.
Pate & Cochrun, L.L.P.
PO Box 10448
Birmingham , AL 35202-0448

Jaffe & Erdberg, PC
205 North 20th Street, Suite 817
Birmingham, AL 35203

                                            /s/
                                      Cecil H. Macoy, Jr.